UNITED STATE DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA L. CLARK** | **CIVIL ACTION NO.** _____ |
| **VERSUS** | **JUDGE** _____ |
| **MV REALTY OF LOUISIANA, LLC** | **MAGISTRATE** _____ |

## COMPLAINT

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, **CYNTHIA L. CLARK**, a female of the full age of majority, domiciled in the Parish of East Baton Rouge, who, with respect, represents the following to wit:

1.

This is a civil action for damages arising from discrimination based on age and race in employment, in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967.

2.

Made defendant herein is **MV REALTY OF LOUISIANA, LLC**, a domestic corporation, licensed to do and doing business in the State of Louisiana, who may be served through its registered agent CT Corporation System, at 3867 Tower Dr., Baton Rouge, Louisiana 70816.

3.

This Court has subject matter jurisdiction under 28 U.S.C. Section 1331 as one or more of the claims asserted herein arise under the United States Constitution and federal law.

4.

Venue is proper in this Court under 28 U.S.C. Section 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Baton Rouge, Louisiana, which is located within the territory served by the Middle District of Louisiana.

5.

Plaintiff was hired by MV Realty on or about February 21, 2022, as a real estate agent.

6.

On or about May 13, 2022, Plaintiff contacted a potential client, Richard Faulkner, whose name was on a list of clients that submitted an inquiry. Mr. Faulkner expressed interest in MV Realty's Homeowner's Benefit Program (HBP). At that time, Mr. Faulkner stated that he was not working with anyone from MV Realty and he agreed to allow MV Realty and Plaintiff to be the exclusive real estate company to list and sell his home.

7.

On May 19, 2022, Mr. Faulkner notified Plaintiff that another agent from MV Realty, Denise Rosetti, had been contacting him to which he responded that Plaintiff was his agent. Plaintiff then suggested that Mr. Faulkner write a letter clarifying with whom he wished to work. Despite Mr. Faulkner doing so, Ms. Rosetti ordered a notary to go to Mr. Faulkner's home and sign a contract with MV Realty with herself being his agent rather than Plaintiff.

8.

On May 23, 2022, Plaintiff's supervisor, CEO of MV Realty Joseph Shaia, contacted her and stated that the client (Mr. Faulkner) allegedly told Mr. Shaia that Plaintiff forced the client to write a letter stating Plaintiff would be his exclusive agent rather than Agent Denise Rosetti.

9.

On or about May 24, 2022, Petitioner was terminated by Defendant.

10.

Although Plaintiff completed all or substantially all of the work on Mr. Faulkner's case, Agent Denise Rosetti received the commission.

11.

Based upon information and belief, the events that arose to Plaintiff's termination from the company were a result of discrimination based on Plaintiff's age and race. Particularly, as one of only five African Americans in the entire company, after Plaintiff would "pull" calls from the company's customer relationship management program, other non-African American agents would write the Home Benefit Program Contracts and earn the commission. This was not in-line with the company's policy. Furthermore, Joseph Shaia, CEO of MV Realty, made frequent remarks about Plaintiff's age.

12.

Plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). The EEOC has terminated its investigation and has issued to Plaintiff a Notice of the Right to Sue, attached hereto as Exhibit A.

13.

As a result of Defendant's actions, Plaintiff has been deprived of income in the form of wages and commissions due to her, and Plaintiff has suffered and mental pain and anguish which continues to interfere with her daily life.

14.

Although Plaintiff has obtained new employment with Supreme Real Estate, it is straight commission rather than salary plus commission, and Plaintiff has been unable to sell in order to make any commission due to losing her prior job.

15.

As a direct and proximate, foreseeable result of Defendant's actions, Plaintiff has suffered injuries, including mental pain and suffering, emotional distress, loss of wages, as well as having to incur attorneys' fees to bring this current action.

**WHEREFORE,** Plaintiff seeks judgment for damages against Defendant for all damages allowed by law including compensatory damages, punitive damages, costs and attorneys' fees, and any other equitable relief which the court deems appropriate.

**WHEREFORE**, Plaintiff, CYNTHIA L. CLARK, prays that her Complaint be deemed good and sufficient and that upon the conclusion of all due proceedings that a judgment be entered against Defendant, MV Realty of Louisiana, LLC, awarding Plaintiff the full statutory penalty and other damages described herein and all other legal and equitable relief to which Plaintiff may be entitled, including but not limited to, the costs of proceedings, attorneys' fees, expert witness fees and costs, and interest from the date of judicial demand.

    Respectfully Submitted,

    **ROY LAW, LLC**

    Leon Roy IV (Bar No. 37849)
    Attorney for Plaintiff
    11817 Bricksome Ave
    Baton Rouge, LA  70816
    504-521-4814
    Leon@roylawllc.com

PLEASE SERVE:

MV REALTY OF LOUISIANA, LLC
**Through its registered agent:**
C T Corporation System
3867 Plaza Tower Dr.
Baton Rouge, Louisiana 70816