# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **CYNTHIA L. CLARK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-445-JWD-SDJ** |
| **MV REALITY OF LOUISIANA** | |

---

## NOTICE

Please take note that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

In accordance with 28 U.S.C. § 636(b)(1), you have **14 days** after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law, and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations **within 14 days** after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on May 13, 2026.

_____

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **CYNTHIA L. CLARK** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-445-JWD-SDJ** |
| **MV REALITY OF LOUISIANA** | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This case is before the Court on a Show Cause hearing held on February 25, 2026.[1]  As explained below, it is recommended that Plaintiff's cause of action be dismissed for failure to prosecute under Local Civil Rule 41(b), and pursuant to this Court's inherent power.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief").

## I.    BACKGROUND

Plaintiff Cynthia Clark filed this action against MV Reality of Louisiana, LLC, on June 11, 2023, seeking relief for alleged civil rights violations arising from her wrongful termination in violation of Title VII of the Civil Rights Act of 1964, as amended, and the Age Discrimination in Employment Act of 1967.[2]  The Court set an initial Scheduling Conference for September 28, 20223, and the deadline to file a Status Report by September 14, 2023.[3]  On September 18, 2023,

---

[1] R. Doc. 19.
[2] R. Doc. 1.
[3] R. Doc. 2.

as no joint status report was timely filed with the Court as ordered, the Court reset the Scheduling Conference for November 9, 2023.[4]  On November 6, 2023, the Court reset the Scheduling Conference for December 14, 2023, in order to allow Plaintiff to effect service upon Defendant.[5] On November 20, 2023, Plaintiff filed an Affidavit of Service.[6] On November 29, 2023, Plaintiff filed her First Status Report.[7] On December 8, 2023, the Court reset the Scheduling Conference for February 29, 2024, since Defendant had not made an appearance before the Court.[8] On February 26, 2024, the Court reset the Scheduling Conference for April 9, 2024, stating that the "deadline for filing a Joint Status Report is reset to March 26, 2024. Should a properly served defendant fail to file a timely answer, Plaintiff is advised that Local Rule 41(b)(1)(B) could result in dismissal for failure to prosecute should a default not be entered. Failure to file the Joint Status Report may result in a show cause order."[9] On April 12, 2024, Plaintiff filed a Motion for Clerks Entry of Default.[10] A Clerks Entry of Default was entered on April 12, 2024. Plaintiff never filed a Motion for Default Judgment to obtain the relief requested in the initial complaint.[11] No final default judgment has been entered.

On February 13, 2026, the Court issued a Rule to Show Cause Order stating that "Counsel for Plaintiff, Leon E Roy, IV, shall appear before the undersigned Magistrate Judge by video, at 2:00 p.m. on February 25, 2026, and show cause why sanctions should not be imposed or a recommendation of dismissal be issued for failure to prosecute."[12] A show cause hearing was held

---

[4] R. Doc. 7.
[5] R. Doc. 8.
[6] R. Doc. 9.
[7] R. Doc. 10.
[8] R. Doc. 11.
[9] R. Doc. 12.
[10] R. Docs. 15, 16.
[11] Fed. R. Civ. P. 55.
[12] R. Doc. 18.

on February 25, 2026 and no one appeared on behalf of either party.[13] This recommendation of dismissal follows.

## II.    LAW & ANALYSIS

In addition to its authority to dismiss a case pursuant to Rule 4, "[t]his Court has the authority to dismiss an action for plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action *sua sponte*." *Scheppf v. U.S. Attorney Gen.*, No. 16-575, 2018 WL 3193857, at *2 (M.D. La. Jun. 13, 2018); *see also Campbell v. Wilkinson*, 988 F.3d 798, 800 (5th Cir. 2021) ("It is well established that Rule 41(b) permits dismissal not only on motion of the defendant, but also on the court's own motion."); *Maxey v. Citizens Nat'l Bank of Lubbock, Tex.*, 459 F.2d 56, 57 (5th Cir. 1972) (affirming *sua sponte* dismissal for failure to prosecute where plaintiff failed to respond to show cause order); *Curtis v. Quarterman*, 340 F. App'x 217, 217-18 (5th Cir. 2009) ("A district court has the authority to dismiss an action for failure to prosecute or for failure to comply with any court order. The court possesses the inherent authority to dismiss the action *sua sponte* in the absence of a motion by the defendant.") (internal citation omitted); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (finding that a district court may *sua sponte* dismiss an action for failure to prosecute or to comply with any court order); *Williams v. Potter*, No. 03-1409, 2006 WL 1233136, at *1 (E.D. Tex. May 5, 2006) ("Rule 41(b), Federal Rules of Civil Procedure, authorizes the court to dismiss an action *sua sponte* for failure to prosecute or to comply with a court order."). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Williams*, 2006 WL

---

[13] R. Doc. 19.

1233136, at *1 (quoting *Link*, 370 U.S. at 629-30; *Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997), *cert. denied*, 522 U.S. 875 (1997)).

Local Civil Rule 41(b) provides for dismissal "[w]here no responsive pleadings have been filed or no default has been entered within sixty days after service of process, except when Fed. R. Civ. P. 12(a)(3) applies or a dispositive motion is pending". L.R. 41(b)(1)(B). This provision requires that, prior to issuance of a dismissal, the plaintiff be sent notice and "allowed fourteen calendar days from mailing of the notice within which to file evidence of good cause for plaintiff's failure to act." L.R. 41(b)(2). It also specifically provides that "[i]f no response is received within the allotted time, the Court may dismiss the civil action." *Id.* Here, notice was provided via the Show Cause Order issued on February 13, 2026.[14] Plaintiff did not appear at the show cause hearing scheduled for February 25, 2026. The Court, therefore, recommends that Plaintiff's cause of action be dismissed pursuant to Local Civil Rule 41(b) for failure to prosecute this matter.

## III.    RECOMMENDATION

Accordingly,

**IT IS RECOMMENDED** that Plaintiff's cause of action be **DISMISSED without prejudice** pursuant to Local Civil Rule 41(b), and this Court's inherent power, for failure to prosecute.

Signed in Baton Rouge, Louisiana, on May 13, 2026.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] R. Doc. 18.